UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| TIMOTHY SMITH, | § | |
| Individually and On Behalf of All | § | |
| Others Similarly Situated, | § | |
|     Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 7:18-CV-00043 |
| ROWDY FARMS, LLC d/b/a | § | |
| 1845 OIL FIELD TRANSPORT; | § | |
| SPOTTED LAKES, L.L.C. d/b/a | § | |
| 1845 OIL FIELD SERVICES; | § | CLASS ACTION COMPLAINT |
| PROFESSIONAL DRIVERS | § | |
| OF GEORGIA, INC. d/b/a | § | |
| PRODRIVERS | § | |
|     Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Timothy Smith, ("Plaintiff"), on behalf of himself and all others similarly situated, files this Original Complaint, as follows:

### I.   PRELIMINARY STATEMENT

1.   Rowdy Farms, LLC d/b/a 1845 Oil Field Transport; Spotted Lakes, L.L.C. d/b/a 1845 Oil Field Services; and Professional Drivers of Georgia, Inc. d/b/a ProDrivers (collectively, "Defendants") are the joint and/or co-employers of Plaintiff Timothy Smith. Mr. Smith is a truck driver hauling sand used for fracking oil wells in West Texas and New Mexico. Mr. Smith was promised, in writing, by Defendants that he would work 70 hours per week and that he would be paid $22.85 per hour. Yet, Mr. Smith is often required to work more than 100 hours per week, with no additional compensation other than the $1,825 he receives for the first 70 hours he works. On information and belief, there are a large number of workers that have been hired by

ProDrivers (and are paid through ProDrivers) but are working strictly for 1845 in South Texas, West Texas and New Mexico, all of whom were made similar false promises by Defendants that they would work 70 hours per week and paid an specific hourly rate.

2. Plaintiff, on behalf of himself and all others similarly situated, brings this class action to recover unpaid wages all other available remedies under Texas law.

3. The class of similarly situated employees sought to be certified as a class action is defined as:

> **All truck drivers hired by ProDrivers and working for Rowdy Farms, LLC d/b/a 1845 Oil Field Transport and/or Spotted Lakes, L.L.C. d/b/a 1845 Oil Field Service during the past 4 years who were promised a 70-hour workweek at a specific hourly rate of pay (the "Class Members").**

4. For at least four years prior to the filing of this Complaint, Defendants perpetuated their fraudulent conduct on the Class Members with willfulness, gross negligence, and/or malice, entitling the Class Members to punitive damages.

## II.   PARTIES

5. Plaintiff Timothy Smith is an individual residing in North Carolina. Plaintiff's Notice of Consent is attached hereto as Exhibit 1.

6. Defendant Rowdy Farms, LLC d/b/a 1845 Oil Field Transport is a Texas limited liability company with its principal place of business in Texas. Rowdy Farms, LLC d/b/a 1845 Oil Field Transport may be served through its registered agent for service of process in Texas, Corporate Creations Network, Inc., at 2425 W. Loop South # 200, Houston, TX 77027, or where found.

7. Defendant Spotted Lakes, L.L.C. d/b/a 1845 Oil Field Services is a Texas limited liability company with its principal place of business in Texas. Spotted Lakes, L.L.C. d/b/a 1845 Oil Field Services may be served through its registered agent for service of process in Texas, Corporate Creations Network, Inc., at 2425 W. Loop South # 200, Houston, TX 77027, or where found.

8. Defendant Professional Drivers of Georgia, Inc. d/b/a ProDrivers is a foreign corporation with its principal place of business in Atlanta, Georgia. Professional Drivers of Georgia, Inc. d/b/a ProDrivers may be served through its registered agent for service of process, Corporate Creations Network, Inc., at 2425 W. Loop South # 200, Houston, TX 77027, or where found.

### III. JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1332(d) because this is a class action with an amount in controversy over $5,000,000.00 exclusive of interest and costs, and at least one Rule 23 Class Member is a citizen of a different state than Defendants.

10. This Court has personal jurisdiction over Defendants because they have purposefully availed themselves to the laws of the State of Texas, having conducted significant business in Texas. Defendants' contacts in the State of Texas have been systematic and continuous. Moreover, the facts giving rise to this lawsuit are based on Defendants' contacts in Texas. This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## IV.   FACTUAL BACKGROUND

12. Defendants Rowdy Farms, LLC d/b/a 1845 Oil Field Transport and Spotted Lakes, L.L.C. d/b/a 1845 Oil Field Services (collectively, the "1845 Entities") are oilfield service companies. ProDrivers is a nationwide staffing company that hires truck drivers and provides them on "assignment" for companies with transportation needs throughout the country. One or both of the 1845 entities have contracted with ProDrivers to supply truck drivers to deliver sand to be used at drilling rigs for fracking wells in South Texas, West Texas and New Mexico. On information and belief, over the past several years, the 1845 Entities have experienced significant significant turnover of their own truck drivers, because they are significantly overworked, and have also been cited for numerous safety violations, and these issues have necessitated that they contract with a third party, such as ProDrivers, to provide additional truck drivers to meet the contractual obligations of the 1845 Entities.

13. Plaintiff Timothy Smith had worked for ProDrivers without issue for a significant amount of time. This changed when he accepted a long-term assignment with the 1845 Entities. Before doing so, he was provided documentation by ProDrivers, which, on information and belief, had been jointly written by all of the Defendants. The documentation, which had been written by Defendant to entice Plaintiff and other ProDriver workers to accept an assignment driving for the 1845 Entities, provided in pertinent part as follows:

> **West Texas drivers will make $1600 per week plus $35.50 per diem (max of $250 per wee) for a total of $1850. Pay is guaranteed provided the driver works his/her schedule without calling off or taking unscheduled time off. The pay guarantee is based on a 6 day/70-hour work week at a rate of $22.85 per hour.**

A true and correct copy of the offer sheet provided to Plaintiff is attached hereto as Exhibit A.

14. On information and belief, all of the drivers who were offered an assignment with the 1845 Entities were provided the same written materials and/or made the same or substantially similar promises verbally by Defendants. While the pay rate may have been slightly lower for the workers offered assignments in South Texas, the substance of Defendants' promises, in terms of the 70-hour workweek and an hourly rate of pay, was the same. While the document mentions "delays/down time," at no time prior to Plaintiff accepting the assignment was he ever told that he would not be paid for time he spent waiting at drilling rigs. On information and belief, the same is true for the other Class Members.

15. It was not until Plaintiff and the other Class Members accepted their long-term assignment with the 1845 Entities and began working this assignment that they were told that they would not be paid for time they spent waiting at drilling rigs, nor would this wait time be included in their promised 70-hour workweek. The end result of Defendants' policy of refusing to pay the Class Members for time they spent waiting at drilling rigs, and for refusing to allow this wait time to be included in their promised 70-hour workweek, is that the Class Members are required to spend more than 100 hours in their trucks virtually every week, sometimes working much more than 100 hours in a week, and making well below (sometimes as little as half) what they were promised per hour. In fact, Plaintiff has sometimes has been required to sit in his truck, unable to leave a drill site, and with no access to food or water, for more than 20 hours be-

fore dropping off his load of sand. According to Defendants' this wait time does not count as hours worked, and the Class Members are not paid for such time. This wait time policy is contrary to the representations made to the Class Members and does not comply with what is commonly accepted as hours worked in the 5th Circuit or under federal labor laws.

## V.   CLASS ACTION ALLEGATIONS

15. The foregoing allegations are incorporated herein by reference.

16. Plaintiff brings this class action on behalf of the respective Class Members. The Class Members are so numerous that their joinder is impracticable. While the precise number of the Class Members is unknown, on information and belief, there are at least 100 Class Members.

17. Plaintiff's claims are typical of the Class Members. He and the Class Members (1) were responsible for performing trucking services for the 1845 Entities; (2) were promised a 70-hour workweek and pay at a specific hourly rate; and (3) were required to work significantly more than 70 hours per week and were not paid the promised hourly rate.

18. Common questions of law and fact predominate over any questions affecting any individual members, including:

- Whether Defendants misrepresented to the Class Members the number of hours they would be required to work and/or the pay they would receive; and
- The proper measure of damages sustained by the respective Class Members.

19. As a result, Plaintiff will fairly and adequately protect the respective Class Members and has retained counsel experienced in complex wage and hour and collective/class action litigation.

20. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (1) questions or law or fact predominate over any questions affecting individual class

members; and (2) a class action is superior to other methods to ensure a fair and efficient adjudication of this controversy because—in the context of wage litigation— individuals lack the financial resources to vigorously prosecute lawsuits against large corporate defendants. Class litigation is also superior because it will preclude the need for unduly duplicative litigation resulting in inconsistent judgments pertaining to policies and practices, including the wait time policy. No apparent difficulties exist in managing this class action. Plaintiff intends to send notice to the proposed Rule 23 Class Members to the extent required by Fed. R. Civ. 23(c).

21. Defendants violated and continue to violate Texas law through their continuing course of conduct that began with the inception of their wait time policy described herein and has continued with the enforcement of the same wait time policy until the at least of the date of this filing.

## VI.   CAUSES OF ACTION

### COUNT ONE - BREACH OF CONTRACT

22. The foregoing allegations are incorporated herein by reference.

23. Plaintiff and the Class Members, on one hand, and Defendants, on the other, formed a valid agreement, wherein Plaintiff and the Class Members agreed they would work 70 hours per week and, if they worked more than 70 hours per week, they would be paid at a set hourly rate.

24. Plaintiff and the Class Members performed their obligations under the parties' agreement.

25. Defendants breached their obligations under this contract without just excuse by failing to pay Plaintiff or the other Class Members in accordance with their agreement, causing

past and future actual and consequential damages to Plaintiff and the other Class Members, for which they now sue.

### COUNT TWO - FRAUD BY NONDISCLOSURE

26. The foregoing allegations are incorporated herein by reference.

27. Pleading further and in the alternative, Defendants failed to disclose material facts to Plaintiff which they had a duty to disclose.

28. Specifically, Defendants knew that they would instituted a policy of refusing to pay the Class Members for time they spent waiting at drilling rigs, and for refusing to allow this wait time to be included in their promised 70-hour workweek. Defendants also knew that the Class Members did not have an equal opportunity to discover these facts.

29. Defendants were deliberately silent regarding these facts when they had a duty to disclose them to the Class Members. Alternatively, Defendants created a false impression by making a partial disclosure of the facts, telling the Class Members that they would work 70 hours per week and would be paid a set hourly rate for each hour worked.

30. By failing to disclose these facts, Defendants intended to induce the Class Members to take some action, namely to accept the assignments in South Texas, West Texas and New Mexico for the 1845 Entities.

31. Plaintiff and the other Class Members relied upon Defendants' nondisclosure and/or partial disclosure, and suffered past and future actual and consequential damages as a result, for which Plaintiff and the other Class Members now sue.

### COUNT THREE - FRAUD

32. The foregoing allegations are incorporated herein by reference.

33. Pleading further and in the alternative, Defendants made representations to Plaintiff and the Class Members that they would work 70 hours per week and would be paid a set hourly rate for each hour worked.

34. Defendants' representations to Plaintiff and the Class Members were false and material.

35. Defendants were aware of the falsity of their representations to Plaintiff and the Class Members and understood them to be false at the time the representations were made.

36. Defendants intended, or had reason to expect, that Plaintiff and the Class Members would act in reliance on the misrepresentations made by Defendants.

37. Plaintiff and the Class Members justifiably relied on Defendants' false promises.

38. Defendants' fraudulent misrepresentations have caused Plaintiff and the other Class Members past and future actual and consequential damages as a result, for which Plaintiff and the other Class Members now sue.

### COUNT FOUR - UNJUST ENRICHMENT/QUANTUM MERUIT

39. The foregoing allegations are incorporated herein by reference.

40. Pleading further and in the alternative, Plaintiff and the Class Members seek recovery from Defendants under the doctrines of quantum meruit and unjust enrichment.

41. Defendants sought, received and accepted goods or services from Plaintiff and the Class Members. Namely, Defendants received trucking services from Plaintiff and the Class Members.

42. Defendants had reasonable notice that Plaintiff and the Class Members expected to receive payment for its goods or services that Defendants received.

43. Defendants will be unjustly enriched if allowed to retain the benefit of the goods or services without paying Plaintiff and the Class Members for them.

44. Defendants' acceptance of these goods or services and failure to pay for them has caused Plaintiff and the Class Members past and future actual and consequential damages, for which they now sue.

## COUNT FIVE - CONSPIRACY

45. The foregoing allegations are incorporated herein by reference.

46. Pleading further and in the alternative, Defendants were members of a combination of two or more persons or entities whose object was to accomplish either an unlawful purpose or a lawful purpose by unlawful means.

47. Defendants, knowing that Plaintiff and the Class Members would not accept the South Texas, West Texas and New Mexico assignments if they knew Defendants' policy of refusing to pay for wait time, decided to defraud Plaintiff and the Class Members to induce them to accept the assignments. Specifically, Defendants conspired to make false representations to Plaintiff and the Class Members and/or fail to disclose material facts to Plaintiff and the Class Members so that Plaintiff and the Class Members would not decline the assignments that were desperately needed by the 1845 Entities.

48. Plaintiff and the Class Members suffered damages as a result of Defendants' wrongful actions as described herein, for which Plaintiff now sues. Defendants are jointly and severally liable as a result of their conduct described herein.

## COUNT SIX - NEGLIGENT MISREPRESENTATION

49. The foregoing allegations are incorporated herein by reference.

50. Pleading further and in the alternative, Defendants negligently made representations to Plaintiff and the Class Members that they would work 70 hours per week and would be paid a set hourly rate for each hour worked.

51. Defendants' representations to Plaintiff and the Class Members were false and material.

52. Defendants intended, or had reason to expect, that Plaintiff and the Class Members would act in reliance on the misrepresentations made by Defendants.

53. Plaintiff and the Class Members justifiably relied on Defendants' false promises.

54. Defendants' negligent misrepresentations have caused Plaintiff and the other Class Members past and future actual and consequential damages as a result, for which Plaintiff and the other Class Members now sue.

## VII. EXEMPLARY DAMAGES

55. The foregoing allegations are incorporated herein by reference.

56. The conduct of Defendants described herein was knowing, willful, malicious and/or intentional, and thus Plaintiff and the Class Members are entitled to, and hereby sue for, exemplary damages in an amount to be determined by the trier-of-fact.

## VIII. CONDITIONS PRECEDENT

57. The foregoing allegations are incorporated herein by reference.

58. Plaintiff and the Class Members plead that all of the conditions precedent to recovery have been performed or have occurred.

## IX. ATTORNEY'S FEES

59. The foregoing allegations are incorporated herein by reference.

60. Because of the conduct described herein, Plaintiff, individually and on behalf of the Class Members, has retained the law firm of Borsellino, P.C. to represent him and the Class Members in this action.

61. As provided by Chapter 38 of the Texas Civil Practice and Remedies Code and the laws of the State of Texas, Plaintiff and the Class Members are entitled to recover their reasonable attorney's fees and litigation expenses incurred in connection with this action from Defendants, as well as all costs of court.

## X.   RELIEF SOUGHT

WHEREFORE, Plaintiff, on behalf of himself and the Class Members, prays for relief against Defendants as follows:

a) For all past and future actual and consequential damages;
b) For punitive damages;
c) For all costs and attorneys' fees incurred prosecuting this claim, as allowed by law;
d) For pre- and post-judgment interest at the maximum rate allowed by law; and
e) For injunctive relief as may be necessary to prevent future violations described herein and for such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Southern District of Texas Number 639625
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**COUNSEL FOR PLAINTIFF**